A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE MCNELIS, individually and as Guardian ad Litem for L.N., | No. 2:22-cv-00369-TLN-JDP |
| Plaintiffs, | **ORDER** |
| v. | |
| COUNTY OF EL DORADO, KIMBERLY PIERCE, CAITLYN HAYDEN, SAMANTHA HODGE, and DOES 1-10, inclusive, | |
| Defendants. | |

This matter is before the Court on Defendants Kimberly Pierce ("Pierce") and Caitlyn Hayden's ("Hayden") (collectively, "Defendants") Motion to Dismiss.[1] (ECF No. 15.) Plaintiff Anne McNelis ("Plaintiff"), acting on behalf of herself and as guardian ad litem for minor L.N., opposed the motion.[2] (ECF No. 19.) Defendants replied. (ECF No. 22.) For the reasons set forth below, the Court DENIES Defendants' motion.

///

---

[1] Defendants County of El Dorado ("County") and Samantha Hodge ("Hodge") do not join in this motion and instead filed Answers to the Complaint. (ECF Nos. 16, 17.)

[2] When the Court discusses McNelis and L.N. together, it will address them collectively as "Plaintiffs."

1

### I. FACTUAL AND PROCEDURAL BACKGROUND[3]

This case involves the removal of L.N. from Plaintiff's home by El Dorado County Child Protective Services ("CPS"). (ECF No. 1 at 18.) The Complaint recounts multiple referrals to CPS, the last of which was made on February 27, 2020. (*Id.* at 16.) The referrals included allegations about L.N. being molested by her siblings and Plaintiff becoming "unhinged" and abusive. (*Id.*) On the same day as the last CPS referral, social workers Hodge, Hayden, and Pierce decided to remove L.N. from Plaintiff's home as part of a conspiracy. (*Id.* at 16–17.) At approximately 9:00 p.m. on February 27, 2020, Hodge and four to six police offers came to Plaintiff's home and removed L.N. from the home. (*Id.* at 18.) Hodge subsequently transported L.N. to the New Morning Youth Shelter. (*Id.* at 20.) On February 28, 2020, Hayden informed Plaintiff that a forensic body examination had been performed on L.N. (*Id.* at 22.)

Plaintiff filed this action on February 25, 2022, alleging the following claims: (1) a 42 U.S.C. § 1983 ("§ 1983") claim against all Defendants for Fourth and Fourteenth Amendment violations based on the warrantless seizure of L.N.; (2) a § 1983 claim against all Defendants for Fourth and Fourteenth Amendment violations based on the unlawful medical examination of L.N.; and (3) a *Monell* claim against the County. (*Id.* at 34–42.) Defendants filed the instant motion to dismiss on May 31, 2022. (ECF No. 15.)

### II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal

---

[3] The following facts are taken from the allegations in the Complaint. (ECF No. 1.)

2

discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).  Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.    ANALYSIS**

Defendants argue Claims One and Two should be dismissed based on the lack of factual allegations pertaining to Pierce and Hayden.[4]  (ECF No. 15 at 4–8.)  In opposition, Plaintiffs argue they allege sufficient facts to show Pierce and Hayden's involvement.  (ECF No. 19 at 14–20.)  Plaintiffs cite several allegations from the Complaint, including:

> 1.    Paragraph 98, which alleges that on February 27, 2020, Hodge, Hayden, and Pierce made the decision together before speaking to Plaintiffs or

---

[4] Defendants also argue Plaintiffs fail to allege a separate claim for a Fourteenth Amendment procedural due process violation.  (ECF No. 15 at 8.)  Plaintiffs do not address Defendants' argument in opposition other than to correctly note that "[c]ourts have characterized the right to familial association as having both a substantive and a procedural component."  (ECF No. 19 at 15 (citing *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018)).  In the Complaint, Plaintiffs do not allege a standalone procedural due process claim and instead frame their Fourteenth Amendment claims generally as violations of their rights to familial association.  (ECF No. 1 at 35–36.)  Because there is no standalone procedural due process claim alleged in the Complaint, there is no need to dismiss the nonexistent claim.  To the extent Plaintiffs allege Defendants violated a "procedural component" of their rights to familial association as part of their existing Fourteenth Amendment claims, the Court cannot say based on the limited arguments before it that Plaintiffs' allegations are insufficient.  For these reasons, the Court DENIES Defendants' motion to dismiss on this basis.

4

anyone else in Plaintiffs' household, that they were going to remove L.N. that evening;

2. Paragraphs 99–106, which allege Hodge, Hayden, and Pierce knew various pieces of information that made removal improper;

3. Paragraph 107, which alleges Hodge, Hayden, and Pierce enlisted local police officers to come to the home with Hodge;

4. Paragraph 115, which alleges while at Plaintiffs' home, Hodge called her supervisor, who Plaintiffs believe was Hayden or Pierce, and they agreed to continue with the seizure of L.N.;

5. Paragraph 124, which alleges that at the time that Hodge, Hayden, and Pierce conspired to seize L.N., each of them knew of the need to obtain a warrant when there was an absence of an imminent risk of serious bodily injury, yet willfully failed to seek a warrant knowing that insufficient evidence supported such a request;

6. Paragraph 126, which alleges Hodge, Hayden, and Pierce failed to conduct a reasonable investigation into the facts before seizing L.N., in that they had failed to interview collateral witnesses, including the reporting party;

7. Paragraph 146, which alleges despite the absolute lack of evidence, Pierce, Hayden, and Hodge failed to reverse their unlawful course of action and continued L.N.'s detention;

8. Paragraph 151, which alleges despite there being no corroborating evidence of sexual abuse in Plaintiffs' home, Pierce, Hayden, and Hodge failed to revisit and correct the decision to seize L.N.;

9. Paragraphs 157–160, which allege Hayden falsely testified at a family court hearing that Plaintiff had entered into a "safety plan" that authorized CPS to take custody of L.N.;

10. Paragraphs 163–164, which allege Pierce spoke with minor's counsel and made an improper custody recommendation;

5

11. Paragraph 132, which alleges that Hayden, Pierce, and Hodge were responsible for all of the interviewing and medical exams and assessments that L.N. was subjected to, having ordered the interviews, evaluations, and assessments as they do in the normal course and scope of employment with El Dorado County;

The Complaint overall is lengthy, disorganized, and unclear at times. However, Plaintiffs have cited sufficient factual allegations from other parts of the Complaint to support at the very least a reasonable inference that Hayden and Pierce were integral participants in the conduct that led to L.N.'s seizure and subsequent medical exam. *See Martinez v. City of W. Sacramento*, No. 2:16-cv-02566-TLN-EFB, 2019 WL 448282, at *16 (E.D. Cal. Feb. 5, 2019) ("[D]istrict courts . . . have upheld [§] 1983 claims against groups of defendants where the pleadings also include factual allegations sufficient to establish that individual defendants were integral participants in the unlawful conduct."). Accordingly, the Court DENIES Defendants' motion to dismiss.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss. (ECF No. 15.) Defendants Hayden and Pierce shall file a responsive pleading not later than twenty-one (21) days from the electronic filing date of this Order.

IT IS SO ORDERED.

**DATED: December 29, 2022**

Troy L. Nunley
United States District Judge